Anthony **KULAKOWICH**

v.

A/S **BORGESTAD.**

No. 33978.

United States District Court
E. D. Pennsylvania.

Nov. 16, 1964.

Arnold C. Grossman, Fine, Staud & Silverman, Philadelphia, Pa., for plaintiff.

Rawle & Henderson, Philadelphia, Pa., for defendant.

WOOD, District Judge.

This is is a motion filed by the defendant shipowner to set aside an entry of default under Rule 55(c). A default was entered in this Court on January 3, 1964, for want of an appearance and answer. This entry occurred some four-and-one-half months after suit was filed on August 8, 1963.

The plaintiff longshoreman was injured while working on the defendant's vessel S/S Brevik which was docked at Camden Marine Terminal on March 1,

1963. The defendant claims that no accident was ever reported to the ship's officers. First notice of the claim was received when suit was instituted and service was made on the Philadelphia agents who had represented the owner's interests while the ship was in Camden several months previously.

Through a fortuitous series of events the suit documents were referred to New York City where they were shuttled to various agents of the owner. Finally, the agent for the underwriters contacted plaintiff's counsel and requested additional time to answer the Complaint in May of 1964.

A default, as distinguished from a default judgment, may be set aside "for good cause shown." Such a motion is addressed to the sound discretion of the Court. It is usually granted when no substantial prejudice will result to the plaintiff and the defendant, not being guilty of any gross neglect, claims the existence of a meritorious defense.[1]

After hearing argument on this matter we are convinced that no grave injustice will accrue to the plaintiff since his only claim of prejudice is that the passage of time may impede his discovery. Such a factor will undoubtedly work a greater hardship on the defendant since the ship claims that the injury was never reported to its officers on March 1, 1963. We further conclude that the defendant has satisfied the Court that its failure to file a responsive pleading was not attributable to any gross neglect of the shipping company. Finally, the defendant asserts that it has a possible indemnity claim against the plaintiff's employer arising out of the stevedore's unloading of the ship's cargo. Therefore, we make the following:

### ORDER

And now, this 16th day of November, 1964, the defendant's motion under Rule 55(c) to set aside the default is granted.

---

1. These requirements were ably stated by our colleague, Judge Van Dusen, in Alopari v. O'Leary, 154 F.Supp. 78, 80 (E.D. Pa.1957).