Kathleen E. TITUS

v.

Howard T. SMITH
and
Richard J. Smith.
Civ. A. No. 41814.

United States District Court,
E. D. Pennsylvania.

Sept. 23, 1970.

Edwin S. Moore, III, Moore, James, Wright & Gibbons, Philadelphia, Pa., for defendant Howard T. Smith.

Alfred Sarowitz, Philadelphia, Pa., for plaintiff.

## OPINION AND ORDER

HANNUM, District Judge.

Presently before the court is a motion by one of the defendants, Howard T. Smith, to set aside the entry of default. This action arose out of an incident which occurred in Montgomery County, Pennsylvania on October 31, 1966. Plaintiff was riding as a passenger in an automobile driven by defendant, Richard J. Smith, and was severely injured when that automobile struck a tree. As a result of this collision, plaintiff permanently lost the vision in both of her eyes.

On December 29, 1966, plaintiff instituted this action and on January 27, 1967, the defendants were served by registered mail.

Plaintiff alleges in her complaint that the defendant, Richard J. Smith, in operating the automobile was the agent of Howard T. Smith and was on his business and acting upon his directions.

On March 13, 1968, a default was entered against both defendants for failure to plead or otherwise answer.

On August 21, 1968, plaintiff's counsel wrote to Howard T. Smith and informed him that "judgment has been taken against you for failure to enter an appearance or file an Answer. The above matter has been ordered on the trial list for assessment of damages". The defendant neither made nor did plaintiff's counsel receive any response to this communication.

On March 14, 1969, plaintiff's counsel again wrote to the defendant and informed him that "it is most urgent that you contact my office immediately upon receipt of this letter". The defendant neither made nor did plaintiff's counsel receive any response to this communication.

On May 9, 1969, plaintiff's counsel again wrote to the defendant and again stated that "it is most urgent that you contact my office immediately upon receipt of this letter". Again the defendant neither made nor did plaintiff's counsel receive any response to this communication.

On May 21, 1969, plaintiff's counsel again wrote to the defendant and stated "I cannot understand why you do not respond to my letters". Defendant again made no response.

On July 14, 1969, plaintiff's counsel again wrote to the defendant and again

informed him that the matter was being listed for assessment of damages and that it would be to the defendant's advantage to contact his office prior to the case being so listed. Again the defendant did not in any way respond.

Finally on January 7, 1970, approximately one year and ten months later, defendant, Howard T. Smith, through his counsel, filed a motion to set aside the entry of default.

■ The question before the court is whether the defendant, Howard T. Smith, pursuant to Fed.R.Civ.P. 55(c) has shown good cause for setting aside the entry of default. After a careful examination of the record, the court concludes that under the facts of this particular case the defendant has failed to sustain his burden.

■ The determination of whether good cause exists rests in the sound discretion of the court. Elias v. Pitucci, 13 F.R.D. 13 (E.D.Pa.1952). Since the entry of default is interlocutory, there is no fixed time limitation upon the power of the court to set it aside. The only time limitation is one of reasonable time. 6 Moore, Federal Practice § 55.-10[1]–[4]. "In other words the facts and circumstances of the particular case govern." Elias v. Pitucci, *supra.*

The facts in the instant case reveal a wilful and deliberate failure to act over a period of approximately one year and ten months in spite of the numerous and repeated efforts of plaintiff's counsel. This failure to act with any semblance of reasonable promptness or due diligence over such an extensive period of time can only be condemned as gross and inexcusable neglect.

The reasons advanced by defendant Howard T. Smith in attempting to excuse his inaction basically are: (1) that he did not realize that he had to retain counsel and answer the complaint after his insurance company had disclaimed coverage and returned the complaint to him; (2) that the other defendant, Richard J. Smith, his son, advised the defendant "not to worry about the complaint, that the matter would be taken care of"; and (3) that the defendant, Howard T. Smith, only has approximately three years of formal education and relied on his son, who is now a college graduate.

The court concludes that in light of the facts and circumstances of this particular case, the foregoing reasons are insufficient to justify defendant's inaction for so lengthy a period of time.

The insurance company in disclaiming coverage notified the defendant by a letter dated February 9, 1967, to "protect his interests".

The defendant in an effort to explain or excuse his inaction has advanced the argument that he has only three years of *formal* education. This however fails to take into account the defendant's life time of experience and common sense. It did not require a college education for defendant to realize the seriousness of the proceedings against him nor to realize the necessity of responding to plaintiff's letters and of obtaining legal counseling and representation.

The defendant argues that he has placed reliance upon his son who at the time was a college student and is now a college graduate. This too must fail in light of the numerous letters of plaintiff's counsel over such an extensive period of time giving notice to the defendant of the seriousness and urgency of the situation. This repeated notification would have caused any reasonable man, regardless of his academic achievements, to hesitate, to question and to seek legal advice. Instead the defendant ignored the call for urgency, ignored his legal responsibilities and did nothing for approximately one year and ten months. This type of conduct cannot be sanctioned by the court.

Defendant finally contends that there would be no resulting prejudice to the plaintiff if the court set aside the de-

fault. This contention can be considered at the least inaccurate.

While plaintiff was writing letters in an attempt to stir the defendant to action, discovery was stalled. As time passes, memories fade and documents are lost or destroyed. As the accessibility to the truth through discovery decreases, the opportunity for fraud and collusion increases. Similarly this type of conduct cannot be condoned by the court.

In light of all the facts and circumstances of this particular case, the court concludes it would be unjust to set aside the default and, accordingly, denies defendant's motion.