**James AMEDAY**

v.

**UNITED STATES TRUCKING COMPANY a/k/a United Truck Leasing Corp., a/k/a United States Truck Leasing Corp., a/k/a U. S. Truck Rental Company.**

**Civ. A. No. 72–1116.**

United States District Court,
E. D. Pennsylvania.

Feb. 6, 1974.

Carl M. Mazzocone, Philadelphia, Pa., for plaintiff.

Joseph B. Erwin, Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court is the motion of the defendant to open the default judgment and to permit the entry of a defense in the above-captioned case. On April 12, 1973, this Court signed an Or-

der entering judgment by default. Shortly thereafter, in June of 1973, defendant filed the motion to open the default judgment. For reasons hereinafter enumerated, the defendant's motion will be granted.

This personal injury action was instituted by plaintiff, James Ameday, to recover for injuries sustained in an accident allegedly caused by defective brakes in the truck which plaintiff was driving at the time of the accident. The collision occurred on August 7, 1970, but suit was not commenced until June 7, 1972. On that date, the United States Marshal was asked to serve the defendant at 114 East Richmond Street, Philadelphia, Pennsylvania. On July 13, 1972, the United States Marshal made a return stating that, "This company (defendant) has moved out. The main office is located in New York. A Mr. Markis is in charge." The return filed by the Marshal was substantially correct, because the defendant had closed its location at 114 East Richmond Street in Philadelphia in early 1971.

Until January or February of 1971, defendant had operated a maintenance garage at the above location, employing three mechanics. Defendant's home office from all times relevant to this litigation until the present has been located at 66 Murray Street, New York, New York.

■ A motion to open a default judgment is addressed to the sound discretion of the trial court. Tozer v. Charles A. Krause Milling Co., 189 F.2d 242 (3rd Cir. 1951); Wagg v. Hall, 42 F.R. D. 589, 590 (E.D.Pa.1967). According to Fed.R.Civ.P. 60(b), the Court may relieve a party from a final judgment by reason of "mistake, inadvertence, surprise, or excusable neglect," or "any other reason justifying relief from the operation of the judgment." Defendant asserts that it had absolutely no knowledge of the filing of the complaint until May 16, 1973, when a letter from the plaintiff's attorney was received at the defendant's home office at 66 Murray Street in New York, stating that a default judgment had been entered and that there would be a hearing scheduled for assessment of damages. The claim of defendant that it had no knowledge of the institution of suit is strongly supported by the fact that both attempts by the plaintiff to effectuate service upon the defendant proved unsuccessful. Initially, the United States Marshal went to 114 East Richmond Street but did not locate the defendant's place of business. As indicated above, the return was marked, "This company has moved out." The second attempt to serve the defendant also met failure, in that the Secretary of the Commonwealth of Pennsylvania returned to the United States Marshal's Office the copy of the complaint which was to be received by the defendant marked, "Removed—no address." The Court is convinced that, under the circumstances here, the failure of the defendant to file an appropriate response to the plaintiff's complaint is excusable within the meaning of Fed.R.Civ.P. 60(b)(1).

The defendant has submitted for the Court's consideration with respect to the instant motion certain evidence to show that plaintiff's counsel knew or should have known that defendant's main office was in New York City and not in Philadelphia. On April 20, 1971, the Claims Manager of defendant wrote to the office of plaintiff's counsel informing counsel that defendant was desirous of having plaintiff come to New York City to discuss the accident. The letter, presumably received by plaintiff's counsel regarding the intended visit to New York City, listed the address of the defendant corporation as 66 Murray Street, New York, New York.

Also, the letter sent by plaintiff's counsel informing the defendant of the

default judgment against defendant was properly addressed to the defendant's home office on Murray Street in New York City.

The Court does not mean to suggest a lack of good faith on the part of the plaintiff with respect to the service of process upon the defendant. Rather, the purpose of the Court's reference to the possibility of plaintiff's awareness of the defendant's New York address is to further illustrate the excusable nature of defendant's failure to respond to the complaint as filed. In light of the letter sent to the office of plaintiff's counsel listing the defendant's address as 66 Murray Street, New York, the defendant could reasonably assume that the plaintiff was cognizant of the New York address and that, if the plaintiff intended to institute suit, the complaint would be delivered to such New York address. Not having received a complaint at the New York address, defendant had no reason to believe that one had been filed.

▆▆ In addition, defendant has asserted a meritorious defense. An investigator for the Philadelphia Police Department stated in his official report of the accident that the vehicle was found to have proper brakes after the accident. A representative of an independent damage appraisal company also examined the truck and concluded that there was no brake failure whatsoever. While intimating no view as to the merits of either party's position, the Court is of the opinion that the defendant should have an opportunity to present its evidence at a trial on the merits.

In light of the widely accepted policy that motions to set aside default judgments should be liberally construed to permit a hearing on the merits (Tozer v. Charles A. Krause Milling Co., *supra* 189 F.2d at p. 245; Resident Reroofing Union Local 30–B, Etc. v. Mezicco, 55 F.R.D. 516, 517 (E.D.Pa.1972)), defendant's motion to open the default judgment will be granted.