Robert E. THORNE, Sr.

v.

**COMMONWEALTH OF PENNSYLVANIA and Eastern Pennsylvania Psychiatric Institute.**

Civ. A. No. 75–3058.

United States District Court,
E. D. Pennsylvania.

Dec. 14, 1977.

Spencer Wertheimer, Philadelphia, Pa., for plaintiff.

Stanley I. Slipakoff, Asst. Atty. Gen., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

On October 24, 1975, the plaintiff filed to proceed in *forma pauperis* and the application was approved on November 6, 1975. Plaintiff, then, filed his complaint and summons in this employment discrimination case on November 6, 1975. On July 15, 1976, the United States Marshal filed his return of service showing service üpon the Eastern Pennsylvania Psychiatric Institute (EPPI). As the defendant EPPI failed to plead or otherwise defend, a default was entered against the defendant on February 1, 1977. Upon consideration of plaintiff's Request for a Default Judgment and Attorney's Fees, this Court on April 12, 1977, entered a Default Judgment against EPPI in the amount of $17,000.00 and the defendant was also ordered to pay attorney's fees in the amount of $1,400.00. Thereafter, on May 9, 1977, a Notice of Appeal to the Court of Appeals for the Third Circuit was filed by the defendant and on May 16, 1977, a Notice of Appeal to the Court of Appeals for the Third Circuit was filed by the plaintiff. On June 17, 1977, defendant filed with this Court a Motion to Open Judgment and Set Aside the Default Judgment. The Court of Appeals, retaining jurisdiction, remanded the case to this Court for the purpose of ruling upon the defendant's motion. Given that directive, this Court has before it Defendant's Motion to Open Judgment and Set Aside Default; upon consideration of the motion, this Court has determined that the motion must be granted.

■ This Court has decided that the motion should be granted for two reasons. First, it appears that the summons was not properly served on the defendant and therefore the default was void when entered. Rule 4(d)(6) of the Federal Rules of Civil Procedure outlines the procedures for proper personal service on a state agency:

(6) Upon a state or municipal corporation or other governmental organization thereof subject to suit, by delivering a copy of the summons and of the complaint to the chief executive officer thereof or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

Under Pennsylvania law, the proper method for serving the Pennsylvania government and its agencies is as follows:

"When an action is commenced against an officer of the Commonwealth, or against a department, board, commission or instrumentality of the Commonwealth, or a member thereof, other than an appeal from an administrative determination, order or decree of such officer, department, board, commission or instrumentality, service shall be made at the office of the defendant *and* at the office of the attorney general by handing a copy of the writ, or a complaint if the action is commenced by complaint, to the person in charge thereof." 42 P.S. § 2104(b) (emphasis added). .,

Apparently, the United States Marshal failed to comply with either of the two permissible methods under Rule 4 for serving the defendant. The return of summons shows that the complaint was served upon the Personnel Director of the EPPI. Appended to defendant's Motion to Open Judgment and Set Aside Default is the affidavit of Ulysses E. Watson, M.D.; in the affidavit Dr. Watson states that he was the Director of EPPI at the relevant time and in that position was the Chief Executive Officer of EPPI. As the Personnel

Director was not the Chief Executive Officer of EPPI, the first method for rendering service under Rule 4(d)(6) was not satisfied. Nor was service properly made under Pennsylvania law—the second method for making service under Rule 4(d)(6). There is no evidence that the person in charge of the attorney general's office was handed a copy of the complaint; in fact, in the affidavit of Gwendolyn Waters, which is attached to the defendant's motion, Ms. Waters claims that she is the person charged with the authority to accept service in the attorney general's office and that she did not receive service in this case. Therefore, this Court must conclude that service was not properly rendered under Rule 4(d)(6) of the Federal Rules of Civil Procedure.

■ A judgment that is entered prior to the time when the defendant is validly served with process is void, unless the defendant has entered his appearance. *Austin v. Smith,* 114 U.S.App.D.C. 97, 312 F.2d 337 (1962); *Bruce v. Paxton,* 31 F.R.D. 197 (E.D.Ark.1962). Under Rule 60(b)(4) of the Federal Rules of Civil Procedure, the court, on motion, may relieve a party of a void judgment. As the defendant in this case was not properly served and did not enter an appearance prior to the time when the default judgment was entered, this Court finds that the judgment entered was void and that the defendant is entitled to have that default judgment set aside.

■ Secondly, even assuming that the default was properly entered and the judgment was valid, this Court finds that the judgment must be set aside under Rule 60(b)(1) of the Federal Rules of Civil Procedure. A court, under this rule, may set aside a judgment if the judgment was entered because of the mistake, inadvertence, surprise or excusable neglect of the party making the motion to set aside the judgment. Here the Court finds that there was an element of excusable neglect which justifies opening the judgment. The defendant claims that when the personnel director received the complaint he placed it in his drawer and forgot about it; the personnel director apparently did not recognize the significance of the document. The Director of EPPI did not become aware of this case until May 1977; in fact, no legal representative of the Commonwealth of Pennsylvania knew of this action's commencement until April 28, 1977. The Court of Appeals directed in *Medunic v. Lederer,* 533 F.2d 891 (3d Cir. 1976), that

" . . . a standard of 'liberality' rather than 'strictness' should be applied in acting on a motion to set aside a default judgment and that 'any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.'" *Id.* at 893.

Applying these instructions, this Court concludes that the failure of the Commonwealth to respond to the plaintiff's complaint appears to be, at worst, a matter of excusable negligence. In ruling upon a Rule 60(b)(1) motion, the Court of Appeals also directed in *Medunic* that the district courts were to consider the following questions:

"(1) Whether granting of the motion would work prejudice to the plaintiffs, and (2) whether a meritorious defense had been presented by the defendant in support of his motion to set aside the default." *Id.* at 893.

As to the first consideration, this Court finds that granting the motion would not greatly prejudice the plaintiff. Except for some delay in finally resolving this case, which is always involved in setting aside a default judgment, there appears to be no other special harms that the plaintiff would suffer by the granting of the defendant's motion. Without finally resolving the merits of the defendant's defenses to this action, it appears to this Court that the defenses that the defendant has raised to the plaintiff's employment discrimination claims are valid defenses to this action and may, in fact, be meritorious. First, defendant contends that plaintiff's claims under Title VII, 42 U.S.C. § 2000e *et seq.,* are barred by the statute of limitations as plaintiff instituted these proceedings after the statutory time period elapsed. If the defendant proves its allegations, the Title

VII claims would, in fact, be barred. If the Title VII claims were dismissed, then plaintiff's only remaining claims would be under 42 U.S.C. §§ 1981 and 1983. Defendant asserts that the plaintiff is barred from proceeding against the state under these provisions as defendant claims that it is a state agency and not a "person" as the term is used in these statutes. Finding the defendant's position to be at least arguable, this Court finds sufficient evidence that the defendant has presented meritorious defenses so as to allow the default judgment to be set aside.

In conclusion, this Court will grant the defendant's motion and return this case to the Court of Appeals as the Court of Appeals retained jurisdiction when it remanded the case to this Court to decide the defendant's motion.