HARTFORD ACCIDENT AND INDEMNITY COMPANY

v.

**Harry E. SMECK and Dorothy Geek, Intervenor.**

Civ. A. No. 77–2742.

United States District Court,
E. D. Pennsylvania.

April 28, 1978.

Daniel T. McWilliams, Philadelphia, Pa., for plaintiff.

Joseph I. Fineman, Philadelphia, Pa., for Geek.

## MEMORANDUM

BECHTLE, District Judge.

Presently before the Court are the renewed motions of intervenor Dorothy Geek ("Geek"), pursuant to Fed.R.Civ.P. 55(c) and 60(b), to set aside the judgment by

default entered against defendant Harry E. Smeck ("Smeck"), on the grounds of Geek's mistake, inadvertence, surprise and excusable neglect, and plaintiff's alleged misrepresentations and misconduct, under Fed.R. Civ.P. 60(b)(1) and 60(b)(3), respectively. The jurisdiction of this Court is based upon diversity of citizenship, 28 U.S.C. § 1332, and the amount in controversy is alleged to exceed $10,000, exclusive of interest and costs. For the reasons stated below, Geek's motions will be denied.

The facts pertinent to this Opinion are as follows: On March 13, 1971, Kardon Chevrolet, Inc. ("Kardon"), transferred possession of a 1969 Chevrolet Impala to Smeck pursuant to an agreement of sale and a contract by which Smeck agreed to indemnify and defend Kardon from any and all claims resulting from the use of the automobile. While using the vehicle six days later, Smeck struck Geek, a pedestrian, in an accident which resulted in permanent injuries to Geek. Consequently, Geek filed a civil action for damages in the Philadelphia County Court of Common Pleas,[1] naming Smeck and Kardon as defendants. That case was tried non-jury before Judge Maurice W. Sporkin, who on June 15, 1977, entered a judgment in favor of Kardon and against Geek, after finding that Geek failed to prove that Smeck was acting as Kardon's agent or was operating the vehicle in furtherance of Kardon's business or that Kardon was negligent in entrusting the car to Smeck. Judge Sporkin also entered a judgment in the amount of $125,000 in favor of Geek and against Smeck. Having secured the judgment against Smeck, Geek began a garnishment proceeding in state court by filing Interrogatories in Attachment and Writ of Execution against Hartford Accident and Indemnity Company ("Hartford"), as garnishee, on the theory that Hartford was liable for Smeck's operation of the vehicle, in view of an insurance policy issued by Hartford to Kardon.

On or about August 9, 1977, Hartford advised Geek that it would file preliminary objections to Geek's interrogatories in state court and that Hartford had, on August 7, 1977, filed a complaint in federal district court for a declaratory judgment that Smeck was not an insured under the insurance policy issued by Hartford to Kardon because of the specific exclusions in the policy,[2] the indemnity agreement between Smeck and Kardon, and Smeck's abandonment of any rights he may have had under the policy. On August 17, 1977, Hartford provided Geek with a copy of its complaint for declaratory judgment. Geek did not file a motion to intervene in this case until October 18, 1977, two weeks after this Court entered a judgment by default against Smeck.[3] The judgment by default declared that Smeck was not, on March 19, 1971, and at any other relevant time, an insured under the policy issued by Hartford to Kardon. By Order of this Court, dated January 31, 1978, we granted leave for Geek to intervene as a party defendant, denied her motion to set aside the judgment by default and ordered counsel to appear for oral argument on February 15, 1978, concerning Geek's renewed motions to set aside the judgment by default entered against Smeck.

Fed.R.Civ.P. 55(c) provides that, for good cause shown, the Court may set aside an entry of default and, if a judgment by default has been entered, may likewise

---

1. *Geek v. Kardon Chevrolet, Inc., et al.,* Phila. Co. C.C.P., No. 1733, November Term, 1971.

2. Section IV of the insurance policy issued by Hartford to Kardon provides, in pertinent part:
   "none of the following is an insured:
   (iii) any person or organization other than the named insured, with respect to any automobile . . .
   (b) possession of which has been transferred to another by the named insured pursuant to an agreement of sale; . . . .."

3. In the case filed by Hartford in this Court, Smeck was served with the complaint on August 23, 1977, and a default was entered by the Clerk of the Court on September 20, 1977 upon Smeck's failure to answer the complaint within the requisite time. On October 4, 1977, we granted Hartford's application, pursuant to Fed.R.Civ.P. 55(b)(2), for a judgment by default against Smeck. On October 5, 1977, the Clerk of the Court entered the default judgment against Smeck.

set it aside in accordance with Fed.R.Civ.P. 60(b).[4] Rule 60(b) provides, in pertinent part, that a court may relieve a party from a final judgment for reasons of "mistake, inadvertence, surprise, or excusable neglect," or for "fraud, . . . misrepresentation, or other misconduct of an adverse party," or for "any other reason justifying relief from the operation of the judgment." Although a standard of liberality is applied in considering a motion to set aside a judgment by default, *Medunic v. Lederer,* 533 F.2d 891, 893–894 (3d Cir. 1976), such a motion is addressed to the sound discretion of the trial court. *Wokan v. Alladin International, Inc.,* 485 F.2d 1232, 1234 (3d Cir. 1973); *Ameday v. United States Trucking Co.,* 62 F.R.D. 72, 73 (E.D.Pa.1974). The court must determine whether a meritorious defense has been presented in support of the motion, and whether any prejudice would accrue to the opponent of the motion if it were granted. *Medunic v. Lederer, supra,* 533 F.2d at 893. One who asserts that an adverse party obtained a default judgment through fraud, misrepresentation or misconduct has the burden of proving such assertion by clear and convincing evidence and must show that the acts or conduct of the adverse party prevented the movant from fully and fairly presenting his case. *Gilmore v. Strescon Industries, Inc.,* 66 F.R.D. 146, 153 (E.D.Pa.), *aff'd mem.,* 521 F.2d 1398 (3d Cir. 1975). A court will deny a motion to set aside a default judgment on the grounds of fraud, misrepresentation or misconduct of an adverse party if it is merely an attempt to relitigate the case, or if the court otherwise concludes that fraud has not been established. *Id.* at 153.

In this case, Geek argues that the judgment by default against Smeck should be set aside under Fed.R.Civ.P. 60(b)(1) and 60(b)(3), respectively, because of her mistake of late intervention in this action and because of Hartford's alleged misrepresentations and misconduct in this suit. First, Geek argues that it was a mistake not to intervene earlier in this action while litigating the garnishment proceeding against Hartford in state court. Geek alleges that she had intended to intervene in this action as soon as Hartford filed responsive answers to Geek's Interrogatories in Attachment in state court, thereby establishing concurrent jurisdiction which would warrant the removal and transfer of this action to the state courts.[5] In response, Hartford argues that Geek's failure to intervene at an earlier time was not due to mistake or inadvertence, but was an intentional procedural maneuver to wait until Geek could have the case dismissed from federal court. We find that Geek's untimely intervention in this proceeding was the result of her intentional, strategic decision to proceed with her action in state court and not the result of mistake, inadvertence, surprise or excusable neglect. This intentional, strategic decision to wait over two months, after becoming fully aware of Hartford's legal position in this case, to file her motion to intervene is insufficient to overcome the burden placed upon Geek by Fed.R.Civ.P. 55(c) and 60(b). Geek's motion to set aside the default judgment against Smeck, pursu-

---

4. Fed.R.Civ.P. 60(b) provides, in pertinent part:

    On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

5. At oral argument, Geek's counsel stated that Geek did not intervene in this action, despite knowledge of Hartford's position, for the following reasons:

    "Your Honor, I didn't want to intervene . . . because I felt that I had to protect myself in the State Court in order to have an argument to come into Federal Court and say, 'This shouldn't be here; this is a matter that belongs in the State Court.' " N. T. 21–22.

ant to Fed.R.Civ.P. 55(c) and 60(b)(1), on the grounds of mistake and inadvertence will, therefore, be denied.

■ Second, Geek argues that the default judgment should be set aside, pursuant to Fed.R.Civ.P. 55(c) and 60(b)(3), on the grounds of Hartford's alleged misrepresentations and other misconduct. Geek argues that Hartford never voluntarily notified Geek of the filings of the complaint for declaratory judgment or the proposed Order of judgment by default against Smeck because Hartford was attempting to defeat Geek's efforts to reach the Hartford/Kardon insurance policy. In response, Hartford argues that it had no duty to notify a potential intervenor because, under Fed.R. Civ.P. 55(b)(2),[6] only Smeck or his counsel, if any had entered an appearance, would be entitled to notice of the proposed Order for default judgment. Further, Hartford argues that Geek was not prejudiced by this action, because copies of the declaratory judgment complaint were hand-delivered to Geek's counsel and mailed to Smeck's former trial counsel. We find that Geek has failed to meet her burden of proving by clear and convincing evidence that Hartford's acts or conduct prevented Geek from fully and fairly presenting her case before this Court by timely intervention. Geek had notice of this case, plus a copy of the complaint for declaratory judgment, within ten days after the commencement of the suit, but waited for seventy days after her first notice of the suit before filing her motion to intervene. Therefore, Geek's motion to set aside the default judgment against Smeck, pursuant to Fed.R.Civ.P. 55(c) and 60(b)(3), on the grounds of Hart-

ford's alleged misrepresentations or other misconduct, will be denied.

Finally, we find that prejudice would accrue to Hartford if Geek's motions were granted because of the ample notice that Geek had to protect her interests in this action and because of the protracted nature of the underlying litigation in the state courts. Accordingly, Geek's motions to set aside the judgment by default entered against Smeck, pursuant to Fed.R.Civ.P. 55(c) and 60(b), on the grounds of Geek's mistake, inadvertence, surprise and excusable neglect, and Hartford's alleged misrepresentations and other misconduct, will be denied.

An appropriate Order will be entered.

---

6. Fed.R.Civ.P. 55(b)(2) provides, in pertinent part:

> If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. Further, when an application is made to the Court, pursuant to Fed.R.Civ.P. 55(b)(2), for the entry of judgment by default, the Court is required to exercise sound judicial discretion in determining whether the judgment should be

entered. Under this procedure, the Court may conduct hearings or order such references as it deems necessary and proper to aid in the exercise of its discretion. *See* Wright & Miller, *Federal Practice and Procedure: Civil* §§ 2684, 2685. Upon consideration of Hartford's complaint for declaratory judgment, we are satisfied that our entry of a judgment by default, pursuant to Fed.R.Civ.P. 55(b)(2), declaring that Smeck was not an insured under the Hartford/Kardon policy, was an appropriate exercise of our discretion under the circumstances of this case.