The GENERAL TIRE & RUBBER COMPANY, an Ohio Corporation

v.

OLYMPIC GARDENS, INC., Emanuel Pelekanos, George Pelekanos, William Pelekanos, Pelekanos & Pelekanos, Inc., and Penncrest Gardens, Inc.

Civ. A. No. 79–3620.

United States District Court,
E. D. Pennsylvania.

Dec. 14, 1979.

Herbert L. Levy, Allentown, Pa., for petitioner.

George A. Hahalis, Bethlehem, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Defendants William, George and Emanuel Pelekanos owned and operated National Auto Dealer Developers, Inc. (NADD), a Pennsylvania car leasing corporation which bought almost twenty-five thousand dollars' worth of tires from plaintiff. After plaintiff demanded payment from NADD several times without success plaintiff agreed to extend credit to NADD in consideration for a separate guaranty of payment from all three Pelekanos' for all monies then and thereafter due and owing to plaintiff from NADD, then a debtor in Chapter XI bankruptcy proceedings and later an adjudicated bankrupt. In July 1979 plaintiff filed an action in the Court of Common Pleas of Lehigh County, Pennsylvania, to enforce the guaranties. Discovery therein indicated the feasibility of a federal court action, now the above captioned matter,[1] in which plaintiff also named as defendants Olympic Gardens, Inc., (Olympic), Pelekanos & Pelekanos, Inc. (P & P) and Penncrest Gardens, Inc. (Penncrest), all Pennsylvania corporations owned and controlled by Emanuel Pelekanos. Plaintiff served the complaint and summons on George and P & P October 9 and on Olympic, Emanuel and Penncrest October 10, 1979. Exactly twenty-one days later plaintiff requested and received entry of defaults and default judgments against Emanuel and George and the following day against Olympic, P & P and Penncrest.[2] Defendant now moves to set aside the entries of default and default judgment.

Fed.R.Civ.P. 55(c) allows the court to set aside an entry of default for "good cause shown"; Fed.R.Civ.P. 60(b)(1) sanctions relief from a default judgment, order or proceeding resulting from mistake, inadvertence, surprise or excusable neglect. In

1. In Count One plaintiff sues for breach of contract and seeks damages equal to the amount of the total sales price and counsel fees. In Count Two plaintiff alleges that Emanuel or George or both caused NADD to purchase tires from plaintiff by knowingly permitting misrepresentations to be made to plaintiff by an authorized NADD agent, who delivered to plaintiff the guarantees allegedly executed by Emanuel, George and William with knowledge that plaintiff would rely thereon. Here plaintiff seeks identical relief. In Count Three plaintiff alleges that Emanuel, George, P & P, Olympic and Penncrest all received conveyances from NADD between July 1978 and May 1979 at a time when NADD was insolvent. The conveyances supposedly violate the Pennsylvania Fraudulent Conveyance Act, 39 P.S. § 351, et seq. Plaintiff seeks damages, counsel fees, and an order setting aside the conveyances.

Count Four, in equity, alleges that VIP Rent A Car of America, Inc. (VIP), owned by Emanuel, George and William, owed money to NADD for goods sold and equipment leased by NADD to VIP. Emanuel, George and William allegedly caused VIP to make conveyances, which depleted substantially all of the cash of VIP, to themselves. Plaintiff seeks damages, an accounting of all monies involved in these transactions, an order setting aside all these conveyances and disregarding the corporate structure of NADD and imposing liability on Olympic, Penncrest and P & P for the acts of NADD. Finally, in Count Five plaintiff seeks a declaratory judgment holding defendants liable for the acts of NADD.

2. Plaintiff failed to serve defendant William Pelekanos. Consequently, no default was entered against him.

this circuit the courts have orchestrated a symphony of interstitial rules relating to removal of default judgments harmoniously and clearly. Before removing a default judgment a court must consider whether defendant has alleged a meritorious defense, *Medunic v. Lederer*, 533 F.2d 891, 893 (3d Cir. 1976); *Wokan v. Alladin International, Inc.*, 485 F.2d 1232, 1234 (3d Cir. 1973); *Caruso v. Drake Motor Lines, Inc.*, 78 F.R.D. 586, 588 (E.D.Pa.1978); *Diversified Utilities Sales, Inc. v. Monte Fusco Excavating Contracting Co.*, 71 F.R.D. 661, 665 (E.D.Pa.1976); *Thorne v. Commonwealth of Pennsylvania*, 77 F.R.D. 396, 398 (E.D.Pa.1977); *Trachtman v. TMS Realty & Financial Services*, 393 F.Supp. 1342, 1346 (E.D.Pa.1975); *Hamilton v. Edell*, 67 F.R.D. 18, 20 (1975); *Meyer v. Lavelle*, 64 F.R.D. 533, 535 (E.D.Pa.1974); *Ameday v. United States Trucking Co.*, 62 F.R.D. 72, 74 (E.D.Pa.1974); *Phillips v. Flynn*, 61 F.R.D. 574, 577 (E.D.Pa.1974); *Design & Development, Inc. v. Vibromatic Manufacturing, Inc.*, 58 F.R.D. 71, 73 (E.D.Pa.1973); *Schartner v. Copeland*, 59 F.R.D. 653, 656 (M.D.Pa.), aff'd, 487 F.2d 1895 (3d Cir. 1973); *Residential Reroofing Union Local 30–B of the United Slate, Tile and Composition Roofers, Damp and Waterproof Workers' Association v. Mezzico*, 55 F.R.D. 516, 518 (E.D.Pa. 1972); *Wagg v. Hall*, 42 F.R.D. 589, 590 (E.D.Pa.1967); *Gamble v. Pope & Talbot, Inc.*, 191 F.Supp. 763, 764 (E.D.Pa.1961), rev'd on other grounds, 307 F.2d 729 (3d Cir.), cert. denied sub nom. *United States District Court for the Eastern District of Pennsylvania v. Mahoney*, 371 U.S. 888, 83 S.Ct. 187, 9 L.Ed.2d 123 (1962), whether plaintiff would be substantially prejudiced thereby; *Medunic v. Lederer*, 533 F.2d at 893; *Mannke v. Benjamin Moore & Co.*, 375 F.2d 281, 285 (1967); *Hartford Accident & Indemnity Co. v. Smeck*, 78 F.R.D. 537, 540 (E.D.Pa.1978); *Caruso v. Drake Motor Lines, Inc.*, 78 F.R.D. at 588; *Thorne v. Commonwealth of Pennsylvania*, 77 F.R.D. at 398; *Diversified Utilities Sales, Inc. v. Monte Fusco Excavating Contracting Co.*, 71 F.R.D. at 665; *Hamilton v. Edell*, 67 F.R.D. at 20; *Meyer v. Lavelle*, 64 F.R.D. at 535; *Phillips v. Flynn*, 61 F.R.D. at 577;

*Schartner v. Copeland*, 59 F.R.D. at 656; *Titus v. Smith*, 51 F.R.D. 224, 227 (E.D.Pa. 1974); *Wagg v. Hall*, 42 F.R.D. at 590; *Kulakowich v. A/S Borgestad*, 36 F.R.D. 185, 186 (E.D.Pa.1964); *Alopari v. O'Leary*, 154 F.Supp. 78, 81 (E.D.Pa.1957), and whether defendant's failure to respond constitutes "excusable neglect", *Greco v. Reynolds*, 416 F.2d 965, 965 (3d Cir. 1969); *Spica v. Garczynski*, 78 F.R.D. 134, 135 (E.D.Pa. 1978); *Hartford Accident & Indemnity Co. v. Smeck*, 78 F.R.D. at 540; *Thorne v. Commonwealth of Pennsylvania*, 77 F.R.D. 398; *Meyer v. Lavelle*, 64 F.R.D. at 535; *Ameday v. United States Trucking Co.*, 62 F.R.D. at 73; *Phillips v. Flynn*, 61 F.R.D. at 577; *Design & Development, Inc. v. Vibromatic Manufacturing, Inc.*, 58 F.R.D. at 73; *Schartner v. Copeland*, 59 F.R.D. at 656–57; *Residential Reroofing Union Local 30–B of the United Slate, Tile and Composition Roofers, Damp and Waterproof Workers' Association v. Mezzico*, 55 F.R.D. at 518; *Titus v. Smith*, 51 F.R.D. at 226; *Wagg v. Hall*, 42 F.R.D. at 590; *Kulakowich v. A/S Borgestad*, 36 F.R.D. at 186; *Teal v. King Farms Co.*, 18 F.R.D. 447, 447 (E.D.Pa.1955).

The standard is construed liberally, *Medunic v. Lederer*, 533 F.2d at 894; *Hutton v. Fisher*, 359 F.2d 913, 916 (3d Cir. 1966); *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951); *Hartford Accident & Indemnity Co. v. Smeck*, 78 F.R.D. at 540; *Caruso v. Drake Motor Lines, Inc.*, 78 F.R.D. at 588; *Thorne v. Commonwealth of Pennsylvania*, 77 F.R.D. at 398; *Diversified Utilities Sales, Inc. v. Monte Fusco Excavating Contracting Co.*, 71 F.R.D. at 665; *Collex, Inc. v. Walsh*, 69 F.R.D. 20, 22 (E.D.Pa.1975); *Hamilton v. Edell*, 67 F.R.D. at 20; *Meyer v. Lavelle*, 64 F.R.D. at 535; *Ameday v. United States Trucking, Inc.*, 62 F.R.D. at 74; *Schartner v. Copeland*, 59 F.R.D. at 656; *Residential Reroofing Union Local 30–B of the United Slate, Tile and Composition Roofers, Damp and Waterproof Workers' Association v. Mezzico*, 55 F.R.D. at 517; for default judgments are regarded with disfavor, *Medunic v. Lederer*, 533 F.2d at 893; *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d at 245; *Residential*

*Reroofing Union Local 30–B of the United Slate, Tile and Composition Roofers, Damp and Waterproof Workers' Association v. Mezzico*, 55 F.R.D. at 517; *Wagg v. Hall*, 42 F.R.D. at 590–91. Doubts are resolved in favor of removing default judgments, *Medunic v. Lederer*, 533 F.2d at 894; *Hutton v. Fisher*, 359 F.2d at 916; *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d at 245–46; *Caruso v. Drake Motor Lines, Inc.*, 78 F.R.D. at 588; *Hamilton v. Edell*, 67 F.R.D. at 20; *Meyer v. Lavelle*, 64 F.R.D. at 535; *Phillips v. Flynn*, 61 F.R.D. at 577; *Schartner v. Copeland*, 59 F.R.D. at 657; *Chapman v. Henry A. Dreer, Inc.*, 14 F.R.D. 218, 218 (E.D.Pa.1953), because resolution on the merits best serves justice. *Medunic v. Lederer*, 533 F.2d at 893–94; *Hutton v. Fisher*, 359 F.2d at 916; *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d at 245–46; *Caruso v. Drake Motor Lines, Inc.*, 78 F.R.D. at 589; *Thorne v. Commonwealth of Pennsylvania*, 77 F.R.D. at 398; *United States v. Skalsky*, 71 F.R.D. 564, 567 (E.D.Pa.1976), aff'd, 556 F.2d 570 (3d Cir. 1977); *Kostenbauder v. Secretary of Health Education and Welfare*, 71 F.R.D. 449, 453 (E.D.Pa.1976), aff'd sub nom. *Feaster v. Weinberger*, 556 F.2d 565 (3d Cir. 1977); *Collex, Inc. v. Walsh*, 69 F.R.D. at 22; *Hamilton v. Edell*, 67 F.R.D. at 20; *United States ex rel. Mercer v. Kelly*, 50 F.R.D. 149, 150 (E.D.Pa.1970); *Alopari v. O'Leary*, 154 F.Supp. at 81; *Chapman v. Henry A. Dreer, Inc.*, 14 F.R.D. at 218. The question is addressed to the broad, sound discretion of the court. *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d at 244; *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 130 F.2d 185, 187 (3d Cir. 1942), cert. denied, 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573 (1943); *Hartford Accident & Indemnity Co. v. Smeck*, 78 F.R.D. at 540; *Spica v. Garczynski*, 78 F.R.D. at 135; *Trachtman v. TMS Realty & Financial Services*, 393 F.Supp. at 1346; *Collex, Inc. v. Walsh*, 69 F.R.D. at 22; *Hamilton v. Edell*, 67 F.R.D. at 20; *Meyer v. Lavelle*, 64 F.R.D. at 535; *Ameday v. United States Trucking, Inc.*, 62 F.R.D. at 73; *Kocenko v. Buskirk*, 56 F.R.D. 14, 16 (E.D.Pa.1972); *Titus v. Smith*, 51 F.R.D. at 226; *Wagg v. Hall*, 42 F.R.D. at 590; *United States ex rel. Houghton v. Scranton*, 257 F.Supp. 557, 558 (E.D.Pa.1966), aff'd, 379 F.2d 556 (3d Cir. 1967); *Kulakowich v. A/S Borgestad*, 36 F.R.D. at 186; *Stuski v. United States Lines*, 31 F.R.D. 188, 190–91 (E.D.Pa.1962); *Alopari v. O'Leary*, 154 F.Supp. at 80–81; *Elias v. Pitucci*, 13 F.R.D. 13, 14 (E.D.Pa. 1952).

■ In considering whether defendant adduces a meritorious defense courts search for either a specific recitation of facts that support a 'reasonable showing' of a meritorious defense . . . or else at least a creditable allegation that such a defense exists. *Kulakowich v. A/S Borgestad*, 36 F.R.D. at 186.

■ Essentially defendants claim that the signatures which appear on the disputed guarantees are forgeries made without their knowledge, consent or ratification. Although plaintiff's efforts to discredit defendant are commendably thorough,[3] the attack fails to sufficiently undermine plaintiff's defense of forgery. Plaintiff established that the Pelekanos' gave Emanuel's business associate, David Valente, general authority to sign their names to all sorts of documents and described this practice as "their style of doing business". True, Valente may have signed the Pelekanos name regularly, but this fact alone does not conclusively establish that he did so in this instance. Plaintiff further argues that

---

**3.** For example, defendant contended that Emanuel had never been an officer, director or shareholder in NADD. In rebuttal plaintiff offered Emanuel's personal balance sheet prepared by a certified public accountant and showing his ownership of 34% of NADD stock, two agreements signed by Emanuel April 27, 1979, and reciting that Emanuel was a shareholder of NADD, deposition testimony of George, Emanuel's son, who indicated that Emanuel owned 33% of NADD stock, and a credit application form dated February 1979 and listing Emanuel as vice-president of NADD.

Similarly, plaintiff contradicted defendant's statement that William had never been a director or shareholder in NADD or VIP and several other representations by defendant. However, the gravamen of the defense is forgery, which has not been eliminated by the plaintiff's presentations.

"once one is cloaked with [this] authority, the principal cannot retroactively repudiate the agent's actions, especially when the principals . . . knew or had cause to know how [the agent] was exercising that authority". However, plaintiff assumes that Valente perpetrated the alleged forgery. Without specific proof that Valente and no one else signed the Pelekanoses' signatures with the intent to defraud plaintiff, defendants' defense cannot be treated as wholly unworthy of belief.

Furthermore, the possibility of substantial prejudice to plaintiff by removing the default judgment seems remote. Plaintiff has failed to show that during the time in which defendant failed to answer or to move for opening the default judgment it lost available evidence, incurred much greater costs or that the opportunity for fraud and collusion increased. *Schartner v. Copeland*, 59 F.R.D. at 656; *Titus v. Smith*, 51 F.R.D. at 227. In the case at bar, defendant moved to set aside the default judgment only a few days after entry thereof. This minimal passage of time could hardly have faded memories. Some delay is always present under these circumstances. *Caruso v. Drake Motor Lines, Inc.*, 78 F.R.D. at 588; *Thorne v. Commonwealth*, 77 F.R.D. at 398. Other than a slight delay in satisfying its claim and the cost incurred in preparing a response to defendant's motion plaintiff has suffered no substantial, let alone prejudicial, injury.

Finally, although the excuse for failing to answer the complaint within the time frame established by the Federal Rules of Civil Procedure is not particularly strong, the conduct does not rise to the level of "utter and hostile" or willful and deliberate disregard. *Residential Reroofing Union Local 30–B of the United Slate, Tile and Composition Roofers, Damp and Waterproof Workers' Association v. Mezzico*, 55 F.R.D. at 518; *Titus v. Smith*, 51 F.R.D. at 226. Upon receiving the complaint defense

counsel informed plaintiff's local counsel that he would represent George Pelekanos and that a Cleveland, Ohio, law firm would enter appearances for all other defendants. In connection with a related federal court action in which American Motors Leasing Corporation sued the Pelekanos', defense counsel travelled to Miami, Florida, October 27, 1979, for the deposition of David Valenti on October 30 and 31, although counsel dispute knowledge of the deposition by plaintiff's counsel. In any event, defense counsel sent plaintiff's counsel a letter dated October 24, 1979, requesting an extension of time in which to answer the complaint. The letter postmarked October 26, 1979, was received three days later by defense counsel and after consulting with his client, he denied the request since "ample time [had] passed . . . for someone to have contacted [him] prior to the last day for filing a response thereto". Upon returning from Florida defense counsel learned of the entry of default judgment. Perhaps defense counsel should have been more attentive to the results of his request, but considering why and how long the complaint remained unanswered the omission falls within the parameters of "excusable neglect". *Caruso v. Drake Motor Lines, Inc.*, 78 F.R.D. at 588; *Spica v. Garczynski*, 78 F.R.D. at 135.

Accordingly, defendant's motion to remove the default and default judgment entered against Emanuel and George Pelekanos October 31, 1979, and against Olympic, P & P and Penncrest November 1, 1979, will be granted.[4]

---

4. The docket sheet in this action reflects the appearance of George A. Hahalis, Esquire, and does not specify for whom he appeared. In recognition of the complete identity of interest among Emanuel, George, Olympic, P & P and

Penncrest the Court will allow removal of defaults and default judgments. To act otherwise exalts form over substance and results only in unnecessary delay and expense for *all* litigants.