**Michael D. McVICKER**

v.

**Robert Charles DONNELLY.**

C. A. No. 82–1596.

United States District Court,
E. D. Pennsylvania.

Aug. 10, 1982.

Edward C. Mintzer, Jr., Philadelphia, Pa., for plaintiff.

Kean K. McDonald, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

In this personal injury action, plaintiff filed his complaint seeking damages from defendant on April 8, 1982. The complaint was served on defendant by registered mail on April 13, 1982. Under Rule 12(a) of the Federal Rules of Civil Procedure, defendant was required to answer the complaint within 20 days after service, May 3, 1981. The plaintiff filed a Motion for Entry of Default Judgment under Rule 55 on July 4, 1982, as defendant had not answered the complaint and had failed to defend or appear. This court granted the motion on July 14, 1982. Presently before the court is defendant's Motion to Set Aside Default Judgment under Rule 60(b). Because the motion is supported by facts sufficient to demonstrate defendant's "excusable neglect" in failing to answer the complaint, after careful consideration this court grants defendant's motion.

Rule 60(b) provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; ...

It is well-established in the Third Circuit that a standard of "liberality" rather than "strictness" should be applied in acting on a motion to set aside a default judgment. Further, "any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *Medunic v. Lederer,* 533 F.2d 891, 893–94 (3d Cir. 1976) quoting *Tozer v. Charles A. Krause Milling Company,* 189 F.2d 242, 245–246 (3d Cir. 1951). Other circuits are in accord. *Tolson v. Hodge,* 411 F.2d 123, 130 (4th Cir. 1969); *Rooks v. American Brass Company,* 263 F.2d 166, 169 (6th Cir. 1959); *Barber v. Turberville,* 218 F.2d 34, 36 (D.C.Cir.1954).

A decision to set aside a default judgment depends upon the following factors: whether one of the conditions specified in Rule 60(b) has been satisfied; whether plaintiff would be prejudiced if the motion were granted; and whether defendant has alleged a meritorious defense. *Medunic v. Lederer,* 533 F.2d 893–894 (3d Cir. 1976); *Reid v. Liberty Consumer Discount Co. of Pa.,* 484 F.Supp. 435, 438 (E.D.Pa. 1980); *General Tire and Rubber Co. v. Olympic Gardens,* 85 F.R.D. 66, 68 (E.D.Pa. 1979).

In the case *sub judice,* this court's analysis of these factors leads us to conclude that the default judgment should be set aside. First, defendant's "excusable neglect" is demonstrated by the statements contained in defendant's affidavit. Specifically, defendant stated that his mail may have been picked up at the Post Office by his sister and that this mail may have contained the summons and complaint. The defendant's Exhibit B is a Post Office return receipt for these documents, signed by defendant's sister. The defendant further stated that he could not remember whether he had read these documents, but that he had assumed that all legal documents he received pertained to hearings in a separate proceeding arising out of the same automobile accident. The defendant attended these hearings as a witness to the accident. Not until July 15, 1982, did defendant become aware that he was considered as a participant in the accident. This was also the date that defendant became aware of

the entry of the default judgment and the scheduling of the assessment of damages hearing. This confusion resulting from the time proximity and subject matter similarity of the two proceedings clearly demonstrate that defendant's failure to respond constitutes "excusable neglect."

Second, the possibility of plaintiff suffering prejudice by removing the default judgment seems remote. Although there may be a slight delay and some costs in this litigation, these factors are always present whenever default judgments are opened. The harm that could result to plaintiff by granting the motion would be greatly reduced by seeking and getting speedy resolution of the case.

Third, this court concludes that defendant has presented a meritorious defense. The defendant's affidavit and the police report state that defendant was not involved in the accident except as a bystander who remained at the scene to render assistance. If this position is correct, then a meritorious defense has been presented. This court notes that this is not the proper time to determine the merits or pass on the issues of fact.

Therefore, these factors collectively establish that the default judgment should be set aside and defendant permitted to respond to the complaint and defend this action.