**In re VIC SNYDER, INC., Debtor.**

**Bruce STERN, Plaintiff,**

v.

**Victor SNYDER, Phyllis Snyder, Salvatore Contino, Karyn Contino, Defendants.**

**Bankruptcy No. 81–04301K.
Adv. No. 82–0671K.**

United States Bankruptcy Court,
E. D. Pennsylvania.

Aug. 5, 1982.

---

James A. Hartz, Fort Washington, Pa., for defendant/debtor.

Edwin P. Smith, Philadelphia, Pa., for plaintiff.

Norman S. Berson, Philadelphia, Pa., for defendants Salvatore and Karyn Contino.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case appears before this Court on several motions raised in an adversary proceeding removed to this Court from the Court of Common Pleas of Philadelphia. Bruce Stern, a judgment creditor of the underlying Chapter 11 debtor-in-possession, filed a complaint in equity against the Snyders and the Continos, alleged principals of the debtor, in state court. Subsequently, the proceeding was removed to the Bankruptcy Court upon application of the Snyders. The Continos have consented to the removal. Numerous motions have been filed by the plaintiff, the Snyders, and the Chapter 11 debtor in both this and state court. Several hearings were held and the Court reserved decision on several issues.[1]

The plaintiff has requested this Court to remand the case to state court. In support of this application, plaintiff asserts that the case was improvidently removed under the Bankruptcy Rules, in that the application was not made in a timely fashion and was made without notice to the plaintiff.

■ Initially, the Court notes that removal pursuant to Interim Local Rule 7004 is a matter of right and does not require either prior notice or permission of the Court. Removal is automatic if an application is timely filed.[2] Notice is only required after removal is effected.[3] The Snyders,

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Interim Local Rule 7004 provides, in pertinent part, that:
    (a) Application.
    (1) Form and Content. A party desiring to remove any civil action or proceeding from a federal or a state court shall file in the bankruptcy court for the district and division within which such action is pending a verified application containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process and pleadings.
    (2) Time for Filing by Defendant. The application for removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

3. Interim Local Rule 7004 provides, in pertinent part, that:
    (c) Notice. Promptly after the filing of the application and bond, when required, the party filing the removal application shall give notice therefore to all adverse parties and shall file a copy of the application with the clerk of the court from which the civil action or proceeding was removed which shall effect the removal and the parties shall proceed no further in that court unless and until the case is remanded.

personally, sought removal. The Court Ordered the Snyders to post a bond pursuant to Rule 7004.[4] The bond was duly filed. The Court, therefore, finds that removal was proper and the application for remand will be denied.

Default judgment was entered against Victor M. Snyder in state court immediately prior to removal of the case to this Court. A petition [5] to open this judgment was filed in the state court and, consequently, arose as an issue upon removal of the case to this Court.[6] At the hearing on this motion, the arguments of counsel focused on the proper law which the court should apply in considering whether this default judgment should be vacated.

Counsel for the plaintiff asserts that this Court must apply state law in determining the propriety of the default judgment. Counsel for the Snyders, on the other hand, urges the Court to consider the motion under the Federal Rules of Civil Procedure.

█ Pursuant to the Local Interim Rules, Part VII of the Rules of Bankruptcy Procedure apply in a proceeding removed to the Bankruptcy Court.[7]

Bankruptcy Rule 755 provides that the Court may set aside a judgment entered by default in accordance with the provisions of Bankruptcy Rule 924.[8] Under Rule 924, Rule 60 of the Federal Rules of Civil Procedure is made applicable to the Bankruptcy Court.[9]

The plaintiff has urged this Court to deny the motion to open the default judgment on the basis that the Snyders have not complied with the Pennsylvania Rules of Civil Procedure, specifically Rule 209. This failure, purportedly, prohibits the Court from opening the judgment. The Court, however, has determined that these Rules are not applicable to the case at bar.

The Court, therefore, will schedule an evidentiary hearing to consider the merits of the motion to vacate the default judgment. Counsel for all the parties are well aware of the nature of this case. Only testimony germane to the issue at bar will be entertained by this Court. Argument or testimony on any other aspect of the case would not be necessary.

The Court also notes that the motion of the Chapter 11 debtor to intervene in this action has been continued pending disposition of other issues herein. The issue originally raised in state court and memoranda of law were filed with the Prothonotary.[10] If the parties wish to supplement these

4. Interim Local Rule 7004 provides, in pertinent part, that:

    (b) Bond. Except where a trustee or debtor in possession in a case under the Bankruptcy Code or the United States is an applicant, each application for removal of a civil action or proceeding shall be accompanied by a bond with good and sufficient surety conditioned that the party will pay all costs and disbursements incurred by reason of the removal proceedings should it be determined that the civil action or proceeding was not removable or was improperly removed.

5. The word "petition" has been eliminated from the Code except when used in the phrase "petition for relief." The term, however, is in use in the Courts of Pennsylvania.

6. Numerous documents pertaining to the case were provided by the office of the Prothonotary and by counsel.

7. Interim Local Rule 7004 provides, in pertinent part, that:

    (f) Applicability of Part VII of the Rules of Bankruptcy Procedure. The rules of Part VII of the Bankruptcy Rules apply to a civil action or proceeding removed to a bankruptcy court from a federal or state court and govern procedure after removal. . . .

8. Bankruptcy Rule 755 provides, in pertinent part, that:

    (b) Setting Aside Judgment by Default. For good cause shown the court may set aside a judgment by default in accordance with Rule 924.

9. Bankruptcy Rule 924 provides that:

    Rule 60 of the Federal Rules of Civil Procedure applies in bankruptcy cases, except that a motion to reopen a case or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one-year limitation therein prescribed. This rule does not permit extension of the time allowed by § 15 of the Act for the filing of a complaint to revoke a discharge.

10. See footnote 6, supra.

memoranda with additional authority, they must file supplemental memoranda within ten (10) days of this Opinion.