**In re VIC SNYDER, INC., Debtor.**

**Bruce STERN, Plaintiff,**

v.

**Victor SNYDER, Phyllis Snyder, Salvatore Contino, Karyn Contino, Defendants.**

**Bankruptcy No. 81–04301K.
Adv. No. 82–0671K.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Oct. 13, 1982.

See also, Bkrtcy., 22 B.R. 332.

James A. Hartz, Fort Washington, Pa., for defendant/debtor.

Edwin P. Smith, Philadelphia, Pa., for plaintiff.

Norman S. Berson, Philadelphia, Pa., for defendants/Salvatore and Karyn Contino.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on the motion of Victor M. Snyder to set aside a default judgment entered in the Court of Common Pleas in Philadelphia County. The state Court proceeding was subsequently removed to this Court under Interim Rule 7004. *See, In re Vic Snyder, Inc.,* 22 B.R. 332 (Bkrtcy.E.D.Pa.1982).

After removal, this Court filed an Opinion determining that the motion to vacate the default judgment was subject to federal, and not state procedure. The Court, therefore, set a hearing date for the introduction of evidence. This Opinion will address the issues raised at the hearing held on August 17, 1982.[1]

The plaintiff in this case is Bruce Stern, a disgruntled former employee of Vic Snyder, Inc. In May of 1980 he obtained a judgment in excess of $100,000 against the Corporation. The corporation, a local plumbing business, filed a petition for reorganization under Chapter 11 in October of 1981. Undaunted, Bruce Stern brought action in state court against the principals of the corporation. Counsel for the debtor filed an application to remove that action from the Court of Common Pleas to this Court. Before removal could be effectuated, however, default judgment was taken against Victor M. Snyder. The issue before the Court is whether this judgment should be vacated. The Court will rule in favor of Victor M. Snyder, order the judgment va-

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

cated and set the matter down for trial on the merits.

In order for the Court to set aside a default judgment, the moving party must show:

(1) that the nondefaulting party will not be substantially prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable or gross negligence or willful act.

*Reid v. Liberty Consumer Discount Co. of Pa.,* 484 F.Supp. 435, 438 (E.D.Pa.1980). *See,* also, *Trachtman v. T.M.S. Realty and Financial Services,* 393 F.Supp. 1342, 1347 (E.D.Pa.1975); *Wokan v. Alladin International, Inc.,* 485 F.2d 1232 (3d Cir. 1973); *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242 (3d Cir. 1951). In applying these factors to a particular case the Court must grant the defendant the benefit of any doubt. The Court of Appeals for the Third Circuit has held that:

a standard of "liberality," rather than "strictness" should be applied in acting on a motion to set aside a default judgment, and that "[a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 245–46 (3d Cir. 1951).

*Medunic v. Lederer,* 533 F.2d 891, 893–4 (3d Cir. 1976).

In applying these standards to the case at bar the Court finds that the default judgment must be set aside. The first factor the Court must consider is whether the plaintiff will be substantially prejudiced by the reopening of the judgment. The only prejudice which the Court can determine is that he will be forced to proceed to trial on the merits. This minor prejudice is not sufficient to bar reopening of the judgment. *Thorne v. Commonwealth of Pennsylvania,* 77 F.R.D. 396 (E.D.Pa.1977).

The second factor is whether the defendant will be able to assert a meritorious defense. The plaintiff, Bruce Stern, seeks recovery under the Pennsylvania Wage Payment and Collection Law. 43

Pa.Stat.Ann. 260.1 *et seq.* (Purdon). The memoranda of law submitted by the parties raise substantial issues of both law and fact. In this situation, the weight of authority would dictate that the judgment be opened. *Medunic, supra.*

Finally, the Court must determine whether the default was the result of inexcusable or gross negligence or a willful act. In this case, counsel for the defendant acted promptly and expeditiously to have the default judgment set aside. A petition to open judgment was promptly filed in state court. This motion, furthermore, was vigorously prosecuted once the case was removed to this Court. The default, therefore, was not taken as a result of any negligence on the part of the defendant. The Court will enter an Order setting aside the default judgment and scheduling the matter for trial.

A collateral issue is also before the Court. The debtor, Vic Snyder, Inc., has moved to intervene in this action. The transaction which is the subject of the plaintiff's complaint so intimately involved this corporation that the Court will allow the intervention of the debtor as a necessary party defendant. F.R.Civ.P. 19(a) and 24(a).

An appropriate Order will be entered.