**In the Matter of Herbert L. WRIGHT, Debtor.**

**C.I.T. CORPORATION, Plaintiff,**

v.

**CAD–M COMPANY, et al., Defendants.**

Bankruptcy No. 1–82–03149.
Adv. No. 1–82–0513.

United States Bankruptcy Court,
S.D. Ohio, W.D.

March 3, 1983.

David C. Horn, Cincinnati, Ohio, for Cincinnati Milacron, Inc.

James Carpenter, Cincinnati, Ohio, for Herbert L. Wright.

Robert W. Trafford, Columbus, Ohio, for C.I.T. Corp.

**ORDER REMANDING ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO**

RANDALL J. NEWSOME, Bankruptcy Judge.

This matter is before the Court pursuant to a "Memorandum in Opposition to Application for Removal" filed by defendant, Cincinnati Milacron Inc. (hereafter referred to as Milacron) in the above-captioned adversary proceeding. Since the filing of an application for removal suffices to remove a case to this Court under 28 U.S.C. § 1478, the Court will deem Milacron's memorandum as a motion to remand. *See, In Re Vic Snyder, Inc.*, 22 B.R. 332, 333 (Bkrtcy.E.D.Pa.1982) ("Removal is automatic if an application is timely filed.")

This action was originally filed in the United States District Court for the Southern District of Ohio on October 12, 1982. By way of its complaint, C.I.T. Corporation seeks compensatory and punitive damages for breach of contract and fraud arising out of the purchase and transfer of certain machinery by the defendants. Defendant Milacron has filed an answer and cross-claims seeking indemnification and recovery from the other defendants for breach of warranty and fraud.

On November 3, 1982 defendant Herbert L. Wright filed a voluntary petition in bankruptcy under Chapter 7. His application to remove this proceeding to this Court was filed on December 9, 1982, some 36 days after the Chapter 7 petition was filed.

Milacron first argues that Wright's application for removal is untimely, since it was

**102**

filed six days after the expiration of the time limit set forth in Interim Rule 7004(a)(3). That Rule reads as follows:

If the civil action or proceeding stated by the initial pleading is not within the jurisdiction of the bankruptcy court when initiated, an application for removal may be filed by a party within 30 days after the order for relief in the case under the Bankruptcy Code.

■ While the enforcement of Interim Rule 7004 is discretionary rather than mandatory, (*In Re Mercer,* 14 B.R. 1002, 1004 (Bkrtcy.S.D.Ohio 1981), the particular facts involved here justify the enforcement of the time limit and a remand of this case to the District Court.

As Milacron notes in its memorandum, the subject-matter jurisdiction of the Bankruptcy Courts was declared unconstitutional in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). On December 23, 1982 the United States District Court for the Southern District of Ohio adopted an interim rule governing the operation of the bankruptcy courts, to remain in effect until a legislative solution to the problem addressed in *Northern Pipeline* is achieved. Under that rule, all of the jurisdictional powers of the Bankruptcy Courts are assumed by the District Court, but all bankruptcy controversies are automatically referred to the bankruptcy judges of the district for determination.

Under § (d)(2) of the rule, bankruptcy judges are empowered to issue orders and judgments as to virtually all matters arising under Title 11, with the exception of "related proceedings", which are defined in § (d)(3)(A) as "civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a district court or a state court." As to related proceedings, a bankruptcy judge is directed to make findings, conclusions, and a proposed judgment or order, but is forbidden from entering a final judgment or order. § (d)(3)(B). While the District Court need only review an order entered under § (d)(2) if a timely appeal is filed or upon certification of the bankruptcy judge, the District Court *must* review all findings and proposed orders of the bankruptcy judge in "related proceedings". § (e)(2)(A)(iii). The scope of such review is within the discretion of the District Judge, but the rule contemplates the possibility of holding a trial *de novo.* § (e)(2)(B).

■ Because this case could have been (and was in fact) initially brought in the District Court, and because issues of state law rather than federal bankruptcy law predominate, it is apparent that this controversy falls within the category of a "related proceeding". It is equally apparent that the trial of this matter will be time-consuming and rather complex. Any findings by this Court will be subject to review by the District Court, and a trial de novo pursuant to such a review is at least a possibility. Such duplication of effort and expense would serve no one's interests. Justice would be better served by remanding this case to the District Court, where a dispositive ruling can be had upon all of the issues presented.

Any questions involving the dischargeability of debtor Herbert L. Wright's debt to C.I.T. might be resolved in the District Court as well, since that Court's ruling as to the fraud issues before it may be dispositive of any dischargeability issues under 11 U.S.C. § 523(a). *See, Anchor Motor Freight, Inc. v. Teamsters,* 700 F.2d 1067 (6th Cir., 1983); *Spilman v. Harley,* 656 F.2d 224 (6th Cir.1981); *In Re Sneed,* 13 B.R. 151, 154 (Bkrtcy.S.D.Ohio 1981).

For all of the foregoing reasons, it is hereby ORDERED that this proceeding be remanded to the United States District Court for the Southern District of Ohio.

IT IS SO ORDERED.