Fred R. **FEHLHABER** and Frank E. Power et al., Plaintiffs,

v.

**INDIAN TRAILS, INC.,** Defendant,

v.

Frank **MORRISEY** et al., Third-Party Defendants.

Civ. A. Nos. 2829, 2846.

United States District Court
D. Delaware.

Oct. 1, 1968.

Arthur F. DiSabatino, Killoran & Van Brunt, Wilmington, Del., Richard A. Bausher, Reading, Pa., for plaintiffs.

William T. Lynam, III, Wilson & Lynam, Wilmington, Del., for defendant.

H. Alfred Tarrant, Jr., and Robert W. Crowe, Cooch & Taylor, Wilmington, Del., for third-party defendants.

OPINION

LAYTON, District Judge.

Plaintiffs, Fehlhaber et al., invoking the diversity jurisdiction of this Court, brought suit against Indian Trails, Inc., for the recovery of damages for inju-

ries arising out of a motor vehicle accident on the Delaware Memorial Bridge. Pursuant to Rule 14 of the Federal Rules of Civil Procedure, Indian Trails impleaded Morrisey et al., as a third party defendant seeking contribution in the event that Indian Trails were found liable to Fehlhaber et al. Third party defendants did not defend and suffered a default.

On May 23, 1968, following a trial to the Court, I filed an opinion [1] holding Indian Trails liable to the plaintiffs, and Morrisey et al., liable to Indian Trails.[2] Following the entry of judgment for $72,130.60, Indian Trails moved for the entry of a judgment against Morrisey et al., for the full amount of the judgment it had suffered.

▇▇ It is well established in this Circuit [3] that the right to contribution among joint tortfeasors in diversity cases is controlled by state law. In Delaware, the right to contribution among joint tortfeasors is embodied in 10 Del. C. § 6301 et seq.,[4] which has been interpreted by the Delaware Courts to provide that while the right to contribution attaches at the time of the negligence, the right to secure a money judgment for contribution is inchoate until the judgment debtor discharges more than his pro rata share of the common liability.[5] Here, where the defendant has not in any part discharged the liability, well-considered authorities and the statute itself suggest that no money judgment for contribution should be entered at this stage.[6] In Smith v. Whitmore, 270 F.2d 741 (C.A. 3, 1959), the Court of Appeals dealt with this very issue in connection with the Pennsylvania contribution statute which is, in this regard, identical to the Delaware statute. After holding that the condition precedent to judgment under the statute (payment by the third party plaintiff of more than his pro rata share) is binding on a federal court sitting in diversity, Judge Kalodner expressly approved the practice of entering a conditional money judgment for contribution where, as here, state law is silent on the question of the permissibility of conditional judgments in contribution cases.[7]

I turn now to the question of the type of judgment to be entered. The question is complicated here because of the third party defendants' default, which was recorded by the Clerk of the Court pursuant to Rule 55(a), F.R.C.P. The third party plaintiff avers that the default entitles it to a judgment for contribution amounting to the entire judgment assessed against it. The third party defendants argue (1) that the default operates only to admit liability leaving unresolved the extent of liability and (2) that the most the third party defendants may be liable for without a hearing to determine degrees of fault is a pro rata share (here 50%) of the plaintiffs' judgment.

▇▇ In support of its view, the third party plaintiff argues that the issue now before the Court "is not one of interpretation of the Contribution Act but rather one of determining whether defendants have a right to have the Court determine whether its liability to defendant is total or partial, the defendant's Complaint having claimed both in alternative pleading, the defendants having defaulted and damages hav-

1. Reported at 286 F.Supp. 499 (Del., 1968).

2. Fehlhaber v. Indian Trails, Inc., supra, at page 505, Conclusions of Law #8.

3. Smith v. Whitmore, 270 F.2d 741 (C.A. 3, 1959).

4. Delaware's version of the Uniform Contribution Among Tortfeasors Act of 1939.

5. Distefano v. Lamborn, 7 Terry 195, 46 Del. 195, 81 A.2d 675, 83 A.2d 300 (Del. Super., 1951).

6. 10 Del.C. §§ 6302(b), 6306(b) (2).

7. See also Falciani v. Philadelphia Transp. Co., 189 F.Supp. 203 (E.D.Pa., 1960), and Moore, Federal Practice, Vol. 3, ¶ 14.11, p. 574.

ing been determined. This issue is directed to F.R.C.P. 55 and is clearly a matter of procedure." [8] To adopt third party plaintiff's view and to hold that the default entitles it to contribution for the full amount of the plaintiffs' judgment is to enlarge the substantive rights contained in the contribution statute. Clearly, this Court has no authority to confer such rights.[9] To be sure, the default established, as an adjudication would have, that the third party defendants are liable to the third party plaintiff for contribution. However, the extent of the liability is governed by the statute conferring the right of contribution.[10]

Thus, the issue here is whether the full import of the contribution statute now applies, or whether the third party defendants are liable, at least, for their pro rata share with the right still existing in the third party plaintiff to urge under the statute that the third party defendants should be liable for more than their pro rata share.

In the comments to the Uniform Contribution Among Tortfeasors Act of 1939,[11] the Commissioners indicate that the question of apportionment is one to be left to the trial judge based on the evidence.[12] The contribution statute gives no absolute right to a pro rata apportionment, and as above noted, the default cannot confer substantive rights on the non-defaulting tortfeasor. In this case, the fault is, on its face, disproportionate, falling largely on the third party plaintiff. However, since the trial did not focus squarely on this is-

sue, although it was raised in the third party complaint, I have decided that a hearing pursuant to Rule 55(b) (2) F.R.C.P. would best assure an equitable distribution of the common liability.[13]

Therefore, counsel are directed to arrange such a hearing with the Court.

Submit Order.

---

8. Defendant's Supplemental Brief, page 4.

9. Smith v. Whitmore, supra.

10. 10 Del.C. § 6302(d).

11. The version adopted in Delaware, 10 Del.C. § 6301 et seq.

12. Uniform Contribution Among Tortfeasors Act of 1939, Uniform Laws Annotated, Vol. 9, § 2(4), p. 236.

13. In its brief, third party plaintiff alludes to 10 Del.C. § 6306(d) which makes inapplicable the provisions of § 6302 providing for apportionment. The reference to § 6306(d) in this case is misplaced. As the Uniform Commissioners' Note makes clear, § 6306(d) applies only where the joint tort-feasors are co-defendants in the main suit. Uniform Contribution Among Tortfeasors Act of 1939, Uniform Laws Annotated, Vol. 9, § 7(5), p. 249.