425 F.2d 715
 Fred R. FEHLHABER
v.
INDIAN TRAILS, INC., Defendant and Third-Party Plaintiff,
v.
Frank MORRISSEY and Frank Morrissey, executor or administrator of the estate of Frances C. Morrissey, doing business as Lawrence Farm Stables, and James A. Flood, Jr., Third-Party Defendants.
Frank E. POWER, Annella Derrico, Administratrix of the Estate of Joseph Derrico, and Thomas J. Barry, Plaintiffs,
v.
INDIAN TRAILS, INC., a corporation of the State of Michigan, Defendant and Third-Party Plaintiff,
v.
Frank MORRISSEY and Frank Morrissey, executor or administrator of the estate of Frances C. Morrissey, doing business as Lawrence Farms Stables, and James A. Flood, Jr., Third-Party Defendants.
 No. 18234.
 No. 18235.
 United States Court of Appeals, Third Circuit.
 Argued March 30, 1970.
 Decided April 22, 1970.
 Rehearing Denied June 18, 1970.
 
 William T. Lynam, III, Bayard, Brill & Handleman, Wilmington, Del., for appellant.
 H. Alfred Tarrant, Jr., Cooch & Taylor, Wilmington, Del., for appellee.
 Before HASTIE, Chief Judge, and MARIS and KALODNER, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 This litigation involves a motor vehicle accident which occurred on the Delaware Memorial Bridge in which a bus owned by the defendant Indian Trails, Inc., struck a horse van owned by Frank and Frances Morrissey, and operated by James A. Flood, Jr., the third party defendants, which was transporting horses owned by the plaintiffs to Garden State Park in New Jersey. It was to recover for the injuries suffered by their horses in the accident that the plaintiffs brought the two suits involved, which have been treated in the district court as a single case. By identical third party complaints, the defendant Indian Trails, Inc., brought in the third party defendants. The third party complaints alleged that the accident was caused in part or in whole by the negligence of Flood and sought judgments against the third party defendants (a) for all sums that might be adjudged against the defendant in favor of the plaintiffs, or (b) to determine the relative degrees of fault, if the defendant should be found negligent, between the defendant and the third party defendants in accordance with 10 Del. Code §§ 6302 and 6306. The third party defendants did not file answers and the court subsequently entered their defaults of record.
 
 
 2
 The issues between the plaintiffs and the defendant came on for trial before the district court, sitting without a jury, which filed findings of fact and conclusions of law, D.C., 1968, 286 F.Supp. 499, holding the defendant negligent and liable to the plaintiffs in damages aggregating $72,130.60. The court also held the third party defendants liable in damages to the defendant, the determination as to the apportionment of damages between the defendant and the third party defendants to be made subsequently. The defendant then moved for judgment by default against the third party defendants in the amount of the judgment rendered in favor of the plaintiffs against the defendant. Upon consideration of this motion the district court concluded (a) that since the defendant had not yet actually discharged any part of its liability on the judgment recovered by the plaintiffs, no money judgment for contribution under the Delaware Uniform Contribution Among Tortfeasors Law, 10 Del.Code § 6301 et seq., should be entered at that stage, (b) that the extent of the third party defendants' liability under the statute for contribution to the defendant was not a matter of the defendant's substantive right which had been concluded by the third party defendants' default but rather a question of the measure of its damages which the default did not determine but which was governed by the statute and (c) that in this case "the fault is, on its face, disproportionate, falling largely on the third party plaintiff", i. e., the defendant. D. C., 1968, 45 F.R.D. 285. Since the original trial did not focus squarely on this issue, the court directed that a hearing be held, as authorized by Rule 55(b) (2), F.R.C.P., to determine an equitable distribution of the common liability between the defendant and the third party defendants.
 
 
 3
 Following the supplemental hearing the district court filed findings of fact and conclusions of law. The ultimate conclusions of the court were that while the negligence of the third party defendant Flood was a contributing cause of the accident, the defendant was 90% at fault and the third party defendants only 10% at fault. A single final order was thereupon entered in the two cases directing the third party defendants to pay the defendant 10% of all sums which it had paid to the plaintiffs in satisfaction of the plaintiffs' judgment and costs. The present appeals by the defendant are from that final order.
 
 
 4
 Upon these appeals the defendant's contentions are based on the premise that the determination of the relative degrees of fault among joint tortfeasors involves a matter of substantive right which must be raised in a complaint and litigated between them and that the issue was determined against the third party defendants by their default. This premise is unsound, however, since it was the existence of liability which alone was concluded in this case by the third party defendants' default. The degree of their fault, on the other hand, went to the extent of the defendant's damages and, therefore, by the express terms of Rule 8(d), F.R.C.P., was not to be taken as admitted by the default. The defendant also complains of the action of the court in directing the holding of a supplemental hearing on this question. As to this, it is enough to say that this was a procedure clearly within the discretionary authority conferred on the court by Rule 55(b) (2), F.R.C.P., in order to determine the amount of damages to which the defendant was entitled by reason of the third party defendants' fault. Moreover, we note that it was directly responsive to an alternative prayer of the third party complaint which requested "the Court to determine the relative degrees of fault, if the defendant is found negligent [as it was], between the defendant and the third party defendants in accordance with 10 Del. Code §§ 6302 and 6306." Obviously, this could not have been determined solely by a default judgment entered without a hearing.
 
 
 5
 The judgment of the District Court will be affirmed.